## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IMAPIZZA, LLC, 229 1/2 Pennsylvania Ave. SE,
3rd Floor, Washington, D.C. 20003

      Plaintiff

      vs.                                       CIVIL ACTION NO.

AT PIZZA LIMITED, Charlotte Lane
Edinburgh, UK, EH2 4QZm,
BHASKER DHIR, c/o 2 Clifton Moor Business Village,
James Nicholson Link, York UK, YO30 4XG, and
RUPERT LYLE, c/o Charlotte Lane
Edinburgh, UK, EH2 4QZm

      Defendants

## COMPLAINT

IMAPizza, LLC, a Delaware limited liability company (herein, "Plaintiff" or "&pizza")

brings this suit for Copyright Infringement, U.K. Common Law Passing Off, Lanham Act

Trademark Infringement, Lanham Act Unfair Competition, and Trespass against At Pizza

Limited, Mr. Bhasker Dhir, and Mr. Rupert Lyle (collectively herein, "Defendants" and

"@pizza"), and alleges as follows:

## I.      JURISDICTION AND VENUE

1.      This Court's subject matter jurisdiction arises under 15 U.S.C. § 1121(a), 28

U.S.C. §§ 1332(a), 1338(a) and 1367(a).

2.      The subject-matter jurisdiction of this case is based upon federal-question

jurisdiction for its Copyright Act and Lanham Act claims.  Supplemental jurisdiction extends

over the U.K. Common Law Passing Off and state-law Trespass claims as they arise from the

same common nucleus of operative facts as the federal claims.

3.      The subject matter jurisdiction over this action also arises under the diversity of the parties, with Plaintiff being completely diverse from each of the Defendants, which are citizens of, reside in and have their principal place of business in the United Kingdom ("U.K."). The amount in controversy for each claim exceeds $75,000.

4.      Personal jurisdiction exists over the Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within Washington, D.C. such that the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice; Defendants travelled to Washington, D.C. on multiple occasions as an essential part of the unlawful scheme challenged herein, committed intentional torts causing foreseeable damage in this jurisdiction, downloaded pictures from U.S. servers of architectural and interior designs of numerous Washington, D.C. &pizza locations, and engaged in unlawful acts in this jurisdiction from which the claims herein arise.

5.      Venue in this District is proper under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred herein and, on information and belief, the property that was trespassed for the purpose of engaging in acts of copyright infringement, trademark infringement, unfair competition and passing off is situated in Washington, D.C.

## II.      THE PARTIES

6.      Plaintiff IMAPizza, LLC is a limited liability company of Delaware with its principal place of business at 229 1/2 Pennsylvania Ave. SE, 3rd Floor, Washington, D.C. 20003.

7.      On information and belief, Defendant At Pizza Limited is a company organized under the laws of the U.K. with its principal place of business in Edinburgh, Scotland.

8.      On information and belief, Defendant Bhasker Dhir is a U.K. citizen residing in York, United Kingdom and was, at all relevant times, a controlling owner and director of At Pizza Limited.

9.      On information and belief, Defendant Rupert Lyle is a U.K. citizen residing in Edinburgh, Scotland and was, at all relevant times, a controlling owner and director of At Pizza Limited.

10.     The actions of Defendant At Pizza Limited were taken or directed by Defendants Bhasker Dhir and Rupert Lyle as its owners, officers and managers.  For the actions alleged herein, each of the Defendants was the officer, director, agent and alter ego of the other, such that they are jointly and severally liable for the actions alleged herein.

### III.      FACTUAL ALLEGATIONS

11.     Plaintiff IMAPizza, LLC owns a restaurant chain branded as "&pizza" (using the variants "&" and "and pizza").  The &pizza brand has been extremely successful and has received significant positive media coverage and recognition.  These three marks are protected by federal trademark registrations, attached (with the USPTO online status page printouts) as Exhibits 1 through 8 and incorporated herein, including in International Class 043 for "restaurant and bar services; restaurant, bar and catering services; restaurant and bar services, namely, providing food and beverages for consumption on the premises and off the premises by delivery; take-out restaurant services."  These marks are inherently distinctive and have also gained distinctiveness through extensive use by &pizza throughout the U.S., including in Washington, D.C., Maryland, New York, Pennsylvania and Virginia.

12.     &pizza is an anti-establishment establishment built on the renown of its creative pies and craft beverages, localized shop design, and the strength, unity and vibe of its living-

wage-paid, ampersand-tattooed "Tribe."  &pizza is a fast-growing pizza chain in the U.S. that

has devoted substantial resources into expanding into the U.K., including promptly filing for

registration of its trademark in the U.K. on or about February 24, 2016.  &pizza's hand-crafted,

custom-made personal pizzas give customers the ability to choose unlimited ingredients or select

any of eight chef-inspired combinations.

13.     &pizza stands out from its competition, with carefully defined core attributes that

give it a unique commercial impression and engender its brand image.  Three examples of these

core attributes are its trademarked name, its differentiating values designed into its restaurant and

food, and its cohesive staff identity.

14.     First, Plaintiff's "&pizza" restaurant name combines a word symbol with "pizza"

to create a simple yet evocative title that implies the restaurant is much more than just pizza – it

includes community, shared values, and respect for those in the local community.

15.     Second, Plaintiff has a well-defined set of values promoted to its customers as

differentiators from the competition, including the following:  premium organic ingredients;

localized shop design; the option to select any of eight chef-inspired combinations or craft-your-

own pies made from any of forty-seven ingredients comprised of three doughs, six sauces, three

cheeses, nine vegetables, nine proteins, and nineteen finishes (including nine drizzles); four core

values branded as the restaurant chain's ethos – "Make it personal, Keep it fresh, Elevate

everything, Celebrate oneness"; and an elongated oval skinny pizza design in elongated

rectangular skinny boxes branded with slogans that include "LOVE&pizza" and "YOU&pizza."

16.     Third, Plaintiff enlists its employees into its "Tribe" and invites potential

employees to "Join the Tribe," promoting its dedication to paying "living wages."

17.     On information and belief, Defendant Rupert Lyle toured a number of &pizza

locations in Washington, D.C.  Realizing the uniqueness of &pizza's restaurant chain, he enlisted Defendant Bhasker Dhir to also travel from the U.K. to do the same, and Mr. Dhir took numerous trips to visit the Washington, D.C. locations of &pizza as well.  The Defendants carefully studied &pizza, but never approached &pizza to advise it of their plans or discuss a potential business relationship.

18.     As a result, @pizza is now the unremorseful and unauthorized copycat of &pizza, launching a knock-off chain of restaurants in the U.K.

19.     For example, first, like &pizza, Defendants' name "@pizza" combines a symbol with "pizza" to create a simple and thought-provoking title similarly connoting that more is to be found at the restaurant than just pizza.  Defendants' marketing materials tout the restaurant's ethos and call it "The place to be @."  To stylize the mark, Defendants meticulously copied the letter curvature captured by &pizza's font selection (the two shown below):



20.     Second, Defendants' marketing materials define its values that purportedly differentiate it from the competition (all except &pizza, that is), including the following: premium ingredients; localized design; the option to select one of eight chef-inspired combinations or make-your-own-pie from an ingredient list that on information and belief has the same subsets of ingredients as &pizza's forty-seven ingredients (minus two ingredients); four core values branded as "our values" – "Make it personal, Value difference, Act with integrity, One for all and all for one"; and an elongated oval skinny pizza design in elongated rectangular skinny boxes branded with the slogans "LOVE@pizza" and "YOU@pizza."

21.     Third, Defendants' marketing materials define its employees as either "The Squad" or "The Pack" and invite potential employees to "Join the Squad" or "Join the Pack," promoting its certification as a "living wage" business.

22.     At least one potential business partner of @pizza has contacted &pizza to report the infringing use and the frustration experienced as a result of the potential partner actually being confused into believing that @pizza was affiliated with the well-established &pizza.

23.     Defendants took this unfair copycat approach because they wanted to eliminate risk and expand quickly into a market in which they knew that &pizza was actively preparing to open restaurants.  They wanted to tap into the formula that &pizza had already perfected, earning &pizza a long list of industry recognition, including Washington City Paper's 2017 Best Casual and Best Pizza, Washington Post's 2015 Best Place to Grab a Quick Lunch and "The Pizza Shop of the 21st Century," Thrillist "Best Pizza in D.C.," Eater NY's Summer 2017 "New York City's Hottest Pizzerias," Buzzfeed's 2017 "the next generation of pizza," FastCasual.com's 2017 "Top 100 Movers & Shakers," and Restaurant Development + Design's 2016 "Outside the Box Design Award."

24.     As a part of copying &pizza, Defendants needed a closer look at &pizza.  They also needed pictures of &pizza's interior so that they could pass off @pizza as their own in marketing materials, a key step to convincing potential business partners to work with them. Rupert Lyle and Bhasker Dir accomplished these goals in the one or more trips each took to Washington, D.C.

25.     When in Washington, D.C., and upon information and belief, they (and/or agents acting on their behalf) entered into &pizza's Washington, D.C. locations masquerading as customers, took extensive pictures (not identifying themselves as the competition), accessed all

parts of the restaurant that they could to observe its design, and returned to Scotland, U.K. with this copyrighted information.  Using this, they designed the copycat @pizza restaurants as derivative designs of &pizza's restaurants, possessing the same look and feel.

26.     @pizza's derivative restaurant designs are so similar to &pizza's designs that @pizza's marketing material simply copies pictures of &pizza's storefront.  Shown below is a page from a marketing deck circulated by @pizza to its business partners, with pictures of &pizza's storefront passed off as an @pizza storefront and emphasizing the critical design elements as its own.  The passing off is so blatant that &pizza's "LOVE&pizza" and "YOU&pizza" to-go boxes and a picture of a women with an "&" tattoo can be seen behind the order counter.

27.     Below is shown a portion of @pizza's marketing material, whereby @pizza is passing off images from &pizza as its own:



28.     The pictures shown above are from the following @pizza locations (listed clockwise):  (1) Dupont South location, 1215 Connecticut Ave NW, Washington, D.C. 20036, (2) Brookland location, 666 Monroe St. NE, Washington, D.C. 20017; (3) K Street location, 1400 K St. NW, Washington, D.C. 20005; (4) Columbia Heights location, 1375 Kenyon St NW, Washington, D.C. 20010; (5) Brookland location, 666 Monroe St. NE, Washington, D.C. 20017; (6) U Street location, 1250 U St NW, Washington, DC 20009; and (7) Dupont South location, 1215 Connecticut Ave NW, Washington, D.C. 20036.

29.     Below is an enlarged image from the image shown in Paragraph 27, highlighting references to prove that @pizza was passing off images from &pizza as their own:



30.     Prior to @pizza opening its first location, &pizza demanded in writing that @pizza cease its copycat efforts, including the violations of &pizza's rights.

31.     @pizza responded to &pizza without remorse, claiming @pizza had done nothing wrong.

32.     In fact, when confronted by individuals seeking management positions at the company who were concerned about the replication of &pizza, @pizza responded by claiming that they intended to continue forward and that Defendants Bhasker Dhir and/or Rupert Lyle would be personally escorting their general manager to Washington, D.C. so he or she could also carefully observe &pizza's design, operation and marketing.

33.     @pizza has announced on its social media that it will open its first location in

Edinburgh, Scotland on November 23, 2017.  @pizza has plans to build additional locations.

### FIRST CAUSE OF ACTION

### U.S. COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 501 *et seq.*)

34.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

35.     &pizza owns all copyrights and interest in and to the architectural and interior design plans and for its restaurants and their embodiment in the physical form of those restaurants, including the layout, and look and feel of its locations.  &pizza also owns a number of pictures depicting its restaurants, and all copyright rights in those photographs.  These copyrighted works are protected by U.S. Copyright Application Nos. 1-5969000170, 1-5969000141, 1-5970193710, 1-5970193955, 1-5970194080, 1-5972057225, 1-5972057430, 1-5972057515, 1-5971777151 (the "&pizza Copyrights"), which include copyright applications for the restaurant decors of the five locations shown in Paragraph 27 above and the three photographs pictured below at Paragraph 40.  The elements comprising these works are original.

36.     &pizza owns all rights and title to the &pizza Copyrights.

37.     Defendants had access to &pizza's copyrighted works in the U.S.

38.     Without authorization and for the sole purpose of opening a clone restaurant, Defendants copied &pizza's architectural and interior designs by, upon information and belief, extensively photographing a number of &pizza's stores in Washington, D.C.

39.     Defendants, upon information and belief, also downloaded copies of the pictures shown above at Paragraph 27 from website servers in the United States.  These pictures depict the original architectural and interior designs of five &pizza stores in Washington, D.C.

These websites and U.S. server locations include:  (1) flydulles.com (with its servers located in Newark, New Jersey and Ashburn, Virginia); (2) gwhatchet.com (with its servers located in Mountain View, California and Ashburn, Virginia); (3) yelp.com (San Francisco, California); (4) warn.nyc (Scottsdale, Arizona); and (5) bizjournals.com (Redwood City, California).

40.     Of these downloads, Defendants without authorization downloaded and copied at least three pictures for which @pizza owns the copyrights in the pictures themselves (in addition to the architectural and interior designs they depict).  Those pictures include the following:







41.     Defendants' copied images are not just substantially similar, but are identical to &pizza's copyrighted images and its copyrighted architectural and interior designs.

42.     On information and belief, the architectural and interior designs of Defendants' restaurant are substantially similar derivative designs to &pizza's architectural and interior designs, intentionally capturing the look and feel of &pizza's designs.

43.     Defendants' acts constitute U.S. infringement of U.S. copyrights.  Defendants used these infringing pictures taken from U.S. servers and from pictures taken in the U.S. to then build-out and open a clone restaurant with derivative architectural and interior designs in Edinburgh, Scotland and beyond.

44.     As a result of these infringing acts, &pizza is entitled to an award of damages, in an amount to be established upon proof at trial.

45.     &pizza is also entitled to Defendants' profits from the infringement wherever realized, including all profits earned on sales at any @pizza location in Edinburgh, Scotland or worldwide.

46.     &pizza is also entitled to unjust enrichment damages in the amount of the cost savings enjoyed by Defendants by infringing &pizza instead of creating their own unique designs.

47.     Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by

Defendants.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.  This includes prohibiting all attempts of @pizza to benefit from or exploit these acts of infringement, including the operation of restaurants anywhere in the world that trace back to the infringement or utilize derivative designs of any of &pizza's restaurant designs.

## SECOND CAUSE OF ACTION

### PASSING OFF

### (U.K. Common Law)

48.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

49.     U.K.'s common law of unfair competition is regularly regarded as protecting U.S. franchisers, chains and businesses from persons attempting to open copycat businesses in the U.K., including as held in the following cases:  *Metric Resources Corp. v. Leasemetric Ltd.* (U.K. 1979) F.S.R. 571 (well-known mark in the U.S. not used by plaintiff in U.K.; injunction granted after defendant visited plaintiff and then set up its business in the U.K. using similar commercial impression); *Sheraton Corp. of America v. Sheraton Motels Ltd.* (U.K. 1964) R.P.C. 202 (injunction granted to Sheraton Corp. based on reputation for hotels established in U.S. where defendant opened "Sheraton Motels Ltd." in U.K.).

50.     &pizza has developed goodwill in the U.K. for its &pizza restaurants, including the mark "&pizza" and the other features that comprise its business identity discussed above.

51.     Scotland and the U.K. are natural expansion markets for successful U.S. restaurant chains, and &pizza is actively pursuing opening of U.K. restaurant locations, including engaging in discussions with potential business partners there and applying for a trademark registration for &pizza on February 24, 2016 (which it has since actively prosecuted).

52.     @pizza embarked on an exacting copycat mission to open up its own version of Plaintiff's stores first in the U.K., to expand the chain into the U.K. for its own benefit.

53.     @pizza has adopted a mark and designed other features of its look and feel to create a brand that constitutes a blatant misrepresentation of affiliation or association with &pizza.  This includes, *inter alia*, the use of the @pizza word and design mark, the number of chef-inspired pizza selections (eight) and ingredients offered to customers, the emphasis on premium ingredients, recognizable localized shop design, four core values promoted to business partners and consumers (copying two of four &pizza's core values), the non-functional elongated oval shape of the pizzas, the non-functional elongated rectangular to-go box for the pizzas, labeling of its to-go boxes with "LOVE@pizza" and "YOU@pizza," and the promotion of its staff as "the Squad" or "the Pack."

54.     Defendants took these and other attributes of &pizza to maximize the chance that consumers of @pizza will consciously and unconsciously make an association between the two companies, allowing Defendants to benefit from &pizza's goodwill.

55.     Defendants have selected locations most likely to attract thought-leading consumers familiar with the goodwill of &pizza.  For example, Defendants carefully selected one of their first locations close enough to The University of Edinburgh to make its student base the primary demographic for its restaurant location.  The University has approximately 40,000 students, 41% of which come from outside the U.K., and mostly from the U.S. and China.  And nearly a quarter of all students studying abroad from the U.S. are from the five states in which &pizza is located.  Thus, @pizza has ensured that a substantial base of customers will be U.S. consumers already familiar with &pizza and glad to find a nearby affiliate.

56.     The misrepresentations as to affiliation between @pizza and &pizza are made by

Defendants as traders in the course of trade for the exact same goods and services as &pizza, namely, a restaurant establishment for personalized pizzas, and these misrepresentations are made to the customers and prospective customers of @pizza's restaurants.

57.     @pizza's misrepresentations and passing off are calculated to injure the business and goodwill of another trader, &pizza, and such injury is a reasonably foreseeable consequence.

58.     As a result, &pizza's business and goodwill has actually been damaged and it is probable that further damage will occur, regardless of any protective actions &pizza might take in the marketplace.

59.     &pizza has been damaged in an exact amount to be established at the time of trial, but exceeding $75,000.

60.     If @pizza is permitted to continue this unlawful conduct, then upon &pizza's active expansion of restaurants into the U.K., customers will be likely to believe that the two restaurants are associated, and for those not yet familiar with &pizza, they will incorrectly believe it to be the junior or infringing user, further tarnishing and damaging &pizza's goodwill and business.  Also, even prior to &pizza opening a location in the U.K., an appreciable number of @pizza's U.K. customers will already believe it to be a part of &pizza.

61.     Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

### THIRD CAUSE OF ACTION

### TRADEMARK INFRINGEMENT

### (17 U.S.C. §§ 1114 & 1125 *et seq.*)

62.     Plaintiff incorporates by reference all other paragraphs contained in this

Complaint.

63.     &pizza is the owner of the valid trademarks "&pizza" and "and pizza" in connection with restaurant services.  &pizza owns valid registered trademarks for its &pizza mark, including for use in connection with its restaurant services.  Those registrations and USPTO online status page printouts are attached as Exhibits 1 through 8, and the facts stated therein are incorporated by reference.

64.     @pizza has adopted the confusingly similar @pizza trademark for its identical restaurant services, calculated to and causing substantial harm to &pizza's U.S.-based restaurant chain.  Defendants' use of this mark – similar in sight, sound, appearance, and connotation for goods and services identical to @pizza – is likely to cause confusion.

65.     Such harm to U.S. commerce is based on at least the following:

a.      The largest demographic group of visitors to Edinburgh are 25-34 year olds, the target demographic of @pizza.  The largest group of tourists to Edinburgh is from the U.S.  Of the 100 million pounds spent by U.S. tourists in Edinburgh each year, over 25% of that money goes to dining.  Thus, a high percent of tourists dining in Edinburgh are from the U.S. and, on information and belief, familiar with &pizza's restaurant chain, but are likely to be confused as to an association or sponsorship between &pizza and @pizza.

b.      Similarly, as alleged above, a substantial number of university students in Edinburgh come from U.S. states in which &pizza is located.  These students are familiar with &pizza and likely to be confused as to an affiliation between @pizza and &pizza because of the similarity of the marks, compounded by @pizza's careful efforts to emulate &pizza's restaurant model and design.

66.     This Court and the Lanham Act have extraterritorial jurisdiction over the trademark infringement of @pizza through its infringing stores in the U.K., including because:

a.      Protection of these unfair acts of competition and infringement under U.S. law does not conflict with U.K. law or policy;

b.      &pizza is a U.S. corporation with an extensive collection of restaurants in the U.S. and, although Defendants are not from the U.S., they visited the U.S. for the purpose of perfecting their scheme to open a copycat restaurant chain;

c.      Enforcement by this Court would achieve compliance because U.S. orders and judgments are respected and enforced by courts and authorities in Scotland and the U.K.;

d.      As &pizza is located predominantly in the U.S., one of the largest effects of the infringement is to a U.S. company in the U.S.;

e.      Defendants meticulously copied the trademark and model of &pizza, showing an explicit purpose to harm or affect a U.S. business and U.S. commerce;

f.      The harm and effect on a U.S. business and U.S. commerce was fully foreseeable by Defendants and was indeed forewarned to them by &pizza months before they opened their first location; and

g.      The steps taken by Defendants within the U.S. as a part of this scheme were critical to Defendants' ability to open the infringing restaurants in the U.K.

67.     As a result, &pizza has been damaged in an amount to be established at trial, along with disgorgement of @pizza's profits as both a measure of &pizza's damages and as unjust enrichment.

68.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. §

1117(a) in that Defendants' acts were malicious, fraudulent, deliberate and willful, and taken in bad faith.  &pizza is thus entitled to enhanced damages.

69.     The infringement constitutes counterfeiting and entitles &pizza, at its election to be made at or before the time of trial, to statutory damages of up to $2 million, treble &pizza's actual damages and treble @pizza's profits.

70.     Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (15 U.S.C. § 1125 *et seq.*)

71.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

72.     For the reasons stated above, Defendants have committed proscribed acts of unfair competition both in the U.S. and abroad within the extraterritorial reach of the Lanham Act.

73.     Defendants have launched a chain of restaurants in the U.K. that is an extension of &pizza's U.S.-based restaurant chain and trades off the goodwill of &pizza.  Defendants have done so knowing that &pizza is in the process of expanding its &pizza restaurant chain to the U.K.

74.     Upon information and belief, Defendants have come to &pizza locations in the U.S. without authorization to do so, carefully documented the brand with extensive photography of the embodiments of &pizza's copyrighted store designs, taken those photographs while

trespassing on &pizza's premises, have on information and belief already taken an additional trip with @pizza's general manager to &pizza's Washington, D.C. locations in order to ensure the most accurate copying of &pizza's brand, look and feel and (in their words) study their "competitor," and then passed off images of &pizza in @pizza's marketing material, alleging the images of &pizza to be their own.

75.     This Court and the Lanham Act have extraterritorial jurisdictional reach over these acts for the same reasons as alleged with respect to the claim for U.S. trademark infringement alleged above.

76.     As a result of these acts, &pizza has been damaged in an amount to be established at trial.  This includes, without limit, disgorgement of @pizza's profits as both a measure of &pizza's damages and as unjust enrichment.

77.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' acts were malicious, fraudulent, deliberate and willful, and taken in bad faith.  &pizza is thus entitled to enhanced damages.

78.     Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## FIFTH CAUSE OF ACTION

### TRESPASS

79.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

80.     &pizza and its affiliates had, at all relevant times, a possessory interest in each of its Washington, D.C. restaurant location, including the right to control the properties and exclude

others.  This exclusive right extends to the customer dining areas and all other areas of its restaurant interiors, as well as the parking lots and common areas outside of its restaurants used to access those restaurants.

81.    Each of Defendants, without authorization, entered numerous of @pizza's Washington, D.C. locations for the purpose of interfering with &pizza's right to control the properties and exclude others.  On information and belief, these trespasses occurred over a number of trips taken to Washington, D.C. alleged above.

82.    Upon information and belief, Defendants entered without permission or consent, posing as customers, for the purpose of:

> a.    Taking unauthorized pictures and observing &pizza's marketing and operations practices;
>
> b.    Stealing &pizza's intellectual property;
>
> c.    Training &pizza's management;
>
> d.    Perfecting a scheme of unfair competition to ensure that their copycat restaurant emulated &pizza as closely as possible; and/or
>
> e.    Taking unauthorized images and information of &pizza and passing off numerous &pizza establishments as @pizza establishment in @pizza's marketing material.

83.    Defendants were not authorized to enter any of &pizza's locations for these purposes.

84.    Defendants were not authorized to send individuals as undisclosed agents of @pizza to pose as customers of &pizza, for the purpose of informally and surreptitiously training @pizza's individuals on the best ways to copy &pizza's business, marketing and operations.

85.     Defendants' unauthorized trespasses caused &pizza harm and &pizza has been damaged in an amount to be established at the time of trial.

86.     Defendants acted with malice, deliberate oppression, an intent to injure Plaintiff and a willful disregard of the rights of Plaintiff, and their actions were outrageous and grossly fraudulent, thereby entitling &pizza to an award of punitive damages.

87.     &pizza's remedy at law is not adequate to compensate for injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief, including barring Defendants, their agents, managers and related parties from entering any &pizza restaurant location.

WHEREFORE, &pizza demands the following relief jointly and severally against all Defendants:

1.     A judgment in favor of &pizza and against Defendants on all counts;

2.     Temporary, preliminary and permanent injunctions from further violation of &pizza's rights, including a prohibition from continuing the acts described above;

3.     Damages in an amount to be determined at trial, including Defendants' unjust enrichment, such damages trebled for willful infringement;

4.     Up to treble Defendants' profits;

5.     Statutory damages up to $2 million or any higher then-applicable statutory maximum;

6.     Punitive damages;

7.     Pre-judgment interest at the legally allowable rate on all amounts owed;

8.     Costs, expenses and fees under the Copyright Act and Lanham Act; and

9.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues that are so triable.


Dated:  November 3, 2017                    MINTZ LEVIN COHN FERRIS
                                            GLOVSKY AND POPEO P.C.


                                   By:  *s/David Barmak*
                                        David Barmak
                                        DC Bar No 236752A)
                                        701 Pennsylvania Avenue NW #900
                                        Washington, DC 20004
                                        (202) 585-3507
                                        DBarmak@mintz.com

                                        Attorney for Plaintiff IMAPIZZA, LLC


Andrew D. Skale (applying *pro hac vice*)
Ben L. Wagner (applying *pro hac vice*)
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
(858) 314-1500
adskale@mintz.com
bwagner@mintz.com

73109751