# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMAPIZZA, LLC,<br>229 1/2 Pennsylvania Ave. SE, 3rd Floor,<br>Washington, D.C. 2003,<br><br>          *Plaintiff*,<br><br>          v.<br><br>AT PIZZA LIMITED, Charlotte Lane<br>Edinburgh, U.K., EH2 4QZm,<br>BHASKER DHIR, c/o 2 Clifton Moor Business<br>Village, James Nicholson Link, York U.K.,<br>Y030 4XG, and<br>RUPERT LYLE, c/o Charlotte Lane<br>Edinburgh, U.K., EH2 4QZ,<br><br>          *Defendants*. | Civil Action No. 17-cv-02327-TJK |

## DEFENDANTS' MOTION FOR AND MEMORANDUM IN SUPPORT OF A FURTHER EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6(b) and 7 and LCvR 7, Defendants At Pizza Limited, Bhasker Dhir, and Rupert Lyle ("Defendants") respectfully move the Court for an extension of time to file an Answer or otherwise respond to Plaintiff IMApizza, LLC's ("Plaintiff") Complaint (the "Complaint").  ECF No. 1.  Defendants request an extension from December 13, 2017 to and until January 22, 2018.  Under Federal Rule of Civil Procedure 6(b), good cause exists for the requested extension, as set forth in the following statement of the specific points of law and authority that support the motion.

## CONCISE STATEMENT OF FACTS

On November 3, 2017, Plaintiff filed the Complaint.  Defendants are all located and permanently reside in the United Kingdom ("U.K.").  Defendant At Pizza Limited is a U.K. corporation that conducts business solely in the U.K.  Defendants Bhasker Dhir and Rupert Lyle are citizens of the U.K.  Plaintiff allegedly personally served Defendants in the U.K. on November 15 and 16, 2017, respectively.  ECF No. 5.  Therefore, Plaintiff contended that Defendants' deadlines to file a responsive pleading to the Complaint were December 6 and 7, 2017, respectively.

Defendants' U.S. counsel, Patricia Y. Ho of Sheridan Ross, was retained on Monday, December 4, 2017, two days before the first alleged deadline to file a responsive pleading.  That same day, Ms. Ho diligently contacted Plaintiff's counsel, Mr. Ben Wagner, requesting the status on service of the Complaint, as no returns of service had been filed and Ms. Ho had not had the opportunity to investigate whether service occurred and was proper.  Ms. Ho also advised Plaintiff's counsel that Defendants would request an extension of time to respond to the Complaint since counsel had just been retained, local counsel had not been retained, and due to the upcoming holiday season.

Counsel for the parties twice discussed an extension via telephone and email on December 5 and 6, 2017, with Defendants requesting a reasonable extension to January 22, 2018 and raising possible jurisdictional issues.[1]   Plaintiff's counsel advised on December 6, 2017 that Plaintiff would only offer a one-week extension.   Defendants had no choice but to accept Plaintiff's one-week extension offer to avoid any possibility of default.

Plaintiff subsequently filed the Joint Stipulation and Request to Extend Time for Filing Responsive Pleading on December 11, 2017, ECF No. 7, which was granted by the Court, ECF No. 8.  Thus, the current deadline for Defendants to answer or otherwise respond to the Complaint is December 13, 2017.

## GOOD CAUSE FOR THE EXTENSION

There is good cause for Defendants' extension request.   First, Defendants' U.S. counsel were retained only last week, as noted above.  In addition, undersigned local counsel, Dowd PLLC, was retained only on Monday, December 11, 2017.  U.S. counsel for Defendants, including the undersigned, spoke directly with Defendants for the first time on Monday, December 11, 2017.[2] The recent engagement of U.S. counsel, particularly for foreign defendants, is a good-cause basis for granting an extension of time. *See Sherrod v. Breitbart*, 720 F.3d 932, 937 (D.C. Cir. 2013) (noting that court granted extension of time where defendant "had only recently obtained

---

[1] Under common circumstances, foreign defendants are given an opportunity to waive service pursuant to Fed. R. Civ. P. 4(d).  Here, Plaintiff did not ask for a waiver of service, but if it had and if Defendants had waived, Defendants' first deadline to respond to the Complaint would have been February 1, 2018.  *See* Fed. R. Civ. P. 4(d)(1)(3) (adding 90 days for a "defendant outside any judicial district of the United States").

[2] The time zone differences between Colorado, Washington, D.C., and Edinburgh, Scotland, will likely add some delay, as compared to disputes taking place in the United States, particularly given the upcoming holidays.

counsel"); *Williams v. Vilsack*, 620 F. Supp. 2d 40, 46 (D.D.C. 2009) (noting that court granted extension after party obtained new counsel).

Second, the Complaint raises a unique combination of claims based on U.K. law, U.S. copyright and trademark law, and D.C.-based law.  The Complaint contains allegations of: 1) U.S. copyright infringement; 2) U.S. trademark infringement under the Lanham Act; 3) unfair competition under the Lanham Act; 4) a claim of trespass, apparently under the law of the District of Columbia; and 5) a U.K. common law claim of "passing off."  *See* Compl. ¶¶ 34-87.  Defendants' U.S. counsel have not had the opportunity to fully analyze the Complaint, investigate the allegations, research the foreign law, and advise Defendants on the adequacy of the Complaint's allegations.[3]

Further, Defendants' request of an extension to January 22, 2018 will allow an opportunity to investigate the personal and subject matter jurisdictional issues, as well as the issue of *forum non conveniens*, that are evident from the face of the Complaint.[4]  Defendants are all located in the U.K., and the alleged conduct has almost exclusively taken place in the U.K.  *See* Compl. ¶¶ 2-4, 7-9, 18.  Indeed, Plaintiff has been aware all along that this is a U.K. dispute.  Specifically, back on August 28, 2017, Plaintiff's U.K. counsel sent a cease and desist letter to Defendant At Pizza Ltd.'s U.K. counsel, raising similar although not identical allegations as set forth in the Complaint, but only identifying U.K. copyright and passing off claims, not any claims based on U.S. or D.C. law.  It is thus far more efficient, speedy, and cost-effective for the Court and the parties to appropriately vet these issues, if any, before proceeding with the merits of the case.  *See* Fed. R.

---

[3] Instead of being able to complete an investigation and review of the allegations, Defendants and their counsel have had to devote time and incur costs meeting and conferring with opposing counsel on this issue and filing this Motion.

[4] Undersigned counsel is making a "special appearance," for the purpose of contesting the Court's jurisdiction over the present action.

Civ. P. 1 (stating that the rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

In short, Defendants have been exercising, and will continue to exercise, diligence in responding to this Complaint.  Based on the good cause demonstrated above, Defendants ask that the Court grant the motion to extend the time to answer or otherwise respond to and until January 22, 2018.

## DUTY TO CONFER

Pursuant to Local Rule 7(m), Defendants' counsel discussed this Motion and its bases via email with counsel for Plaintiff on December 6 and 7, 2017.  The parties' counsel also discussed this Motion via telephone on December 12, 2017.  During that telephone call, Plaintiff's counsel then offered an additional one-week extension to December 22, 2017, but Defendants declined that offer based upon the reasons set forth above and herein.  Plaintiff will not agree to any other proposed extension.  Plaintiff's counsel has stated that it will oppose this Motion.

A copy of this Motion has been served contemporaneously on Defendants.  A proposed Order is attached hereto.

Dated: December 13, 2017                          Respectfully submitted,

                                                  By: /s/ Matthew J. Dowd
                                                  Matthew J. Dowd (DC Bar No. 998373)
                                                  Dowd PLLC
                                                  1717 Pennsylvania Avenue, NW
                                                  Suite 1025
                                                  Washington, D.C. 20006
                                                  mjdowd@dowdpllc.com
                                                  (202) 573-3853

                                                  Patricia Y. Ho (applying *pro hac vice*)
                                                  1560 Broadway, Suite 1200
                                                  Denver, CO 80202-5145

(303) 863-9700
pho@sheridanross.com

*Counsel for Defendants (Special Appearance)*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMAPIZZA, LLC,<br>229 1/2 Pennsylvania Ave. SE, 3rd Floor,<br>Washington, D.C. 2003,<br>,<br>　　　　　*Plaintiff*,<br><br>　　　　v.<br><br>AT PIZZA LIMITED, Charlotte Lane<br>Edinburgh, UK, EH2 4QZm,<br>BHASKER DHIR, c/o 2 Clifton Moor Business<br>Village, James Nicholson Link, York UK, Y030<br>4XG, and<br>RUPERT LYLE, c/o Charlotte Lane<br>Edinburgh, UK, EH2 4QZ,<br><br>　　　　　*Defendants*. | Civil Action No. 17-cv-02327-TJK |

## ORDER

THIS MATTER, coming before the Court upon Defendants At Pizza Limited, Bhasker Dhir, and Rupert Lyle's ("Defendants") Motion for Further Extension of Time to Answer or Otherwise Respond to the Complaint, ECF. No. 1, and being fully advised in the premises,

IT IS HEREBY ORDERED that Defendants' Motion is GRANTED.  Defendants shall have up until January 22, 2018 to answer or otherwise respond to the Complaint.

DONE AND ORDERED this ___ day of _____, 2017.

　　　　　　　　　BY THE COURT:

　　　　　　　　　_____
　　　　　　　　　Honorable Timothy J. Kelly
　　　　　　　　　United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that, on this 13th day of December 2017, the foregoing document has been served on Plaintiff's counsel via the Court's ECF system.  Further, a courtesy copy of the foregoing document was sent to Plaintiff's counsel via e-mail as follows:

David Barmak
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
dbarmak@mintz.com

Ben Wagner
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
3580 Carmel Mountain Road
Suite 300
San Diego, California 92130
BLWagner@mintz.com

By: /s/ Matthew J. Dowd
Matthew J. Dowd
Dowd PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
mjdowd@dowdpllc.com
(202) 573-3853
D.C. Bar No. 998373

*Counsel for Defendants (Special Appearance)*