## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IMAPIZZA, LLC**, <br><br> *Plaintiff*, <br><br> vs. <br><br> **AT PIZZA LIMITED**, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. 1:17-cv-02327-TJK |

**PLAINTIFF IMAPIZZA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR A FURTHER EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Defendants had a copy of the IMAPizza, LLC's Complaint for 33 days and were personally served 28 days before this Motion.  But they waited from November 8 until December 4 to retain Colorado counsel – which the personally-served summons advised them was just 2 days before their Answer was due.  They did not use the one-week courtesy extension agreed to by Plaintiff to prepare a responsive pleading.  In fact, it wasn't until 2 days before that deadline (and this Motion) that they even spoke with their U.S. attorneys.  Now, the Defendants file this Motion, asking for the Court to give them a total of 68 days from service and 73 days from receiving a copy of the Complaint, in order to file a responsive pleading.  There is no justification for such a delay.

Diligence is the cornerstone of the good cause required for an extension.  Defendants have not acted diligently.  Since November 10, 2017, Defendants' attorney – a head of dispute resolution for an international firm with "strong" D.C. firm relationships – has been involved and had a copy of the Complaint.  Declaration of Ben L. Wagner ("Wagner Decl.") ¶3.  Yet Defendants provide no Declaration, supporting factual basis, or a single excuse for why it took a month to retain U.S. counsel.  Nor do they establish why a diligent party needs 68 days from service (73 days after receiving a courtesy copy of the Complaint) to file a responsive pleading.

Defendants have failed to establish the necessary diligence for an extension of any sort, let alone an extension of this magnitude.  Defendants seek to delay their responsive pleading further, so as to thwart the substantive progress of this case, while continuing to unlawfully profit from an infringing restaurant franchise.  Defendants should have and now should be required to act diligently in defending this case.  The Motion should be denied.

I.      **FACTUAL BACKGROUND**

IMA Pizza owns the successful restaurant chain branded as "&pizza," built on the renown of its creative pies and craft beverages, monochrome trade dress, and localized shop design. ECF Doc. No. 1 (Complaint) ¶¶11-16. IMA Pizza discovered Defendants' attempt to open a copycat "@pizza" restaurant in the UK, accomplished by numerous unauthorized trips to Plaintiff's Washington D.C. restaurants. *Id.* ¶¶ 17-25. Defendants went so far as to circulate marketing material that used pictures of Plaintiff's &pizza's restaurant interior, holding these photos out as that of Defendants' @pizza. *Id.* ¶¶ 26-33 (the marketing material, using images of Plaintiffs' &pizza, is shown below, along with an enlarged version underneath the material):





IMA Pizza filed this suit on November 3, 2017.  ECF Doc. No. 1 & *Id.* ¶ 33.  This included carefully asserting claims based on both U.S. and United Kingdom ("U.K.") law.  *See Id.* at 1.  Defendants' counsel, Simon Catto, received a courtesy copy of the Complaint on November 10.  Wagner Decl. ¶5.  Thanks to the diligence of local country counsel retained in both England and Scotland, IMA Pizza accomplished personal service in compliance with the Hague Convention, on November 15 and 16.  ECF Doc. No. 5; Wagner Decl. ¶¶6-7.

But Defendants' diligence in this lawsuit has been lacking.  Defendants dragged their heels in responding to IMA Pizza's serious allegations of harm, carrying with it the potential for an award of profits and statutory damages of up to $2 million.  IMA Pizza's litigation counsel received a message from Defendants' counsel, Mr. Catto, on November 9, 2017, in which he claimed to represent Defendant At Pizza Limited and requested a return call.  Wagner Decl. ¶4.  But IMA Pizza's immediate return call to the attorney went unanswered and unreturned.  *Id.*  Defendants also failed to follow-up after they were personally served on November 15 and 16, 2017.

Mr. Catto is a head of dispute resolution for Addleshaw Goddard, a 750-attorney international law firm that emphasizes its "strong relationships with leading firms" and ability to "draw on [its] network of American Preferred Firms" including "to cover the eastern and western seaboards, Texas, the Midwest, **Washington DC**, Toronto and Ottawa."  Wagner Decl. ¶3 (emphasis added).

3

That is why it is particularly unjustifiable that Defendants only retained U.S. counsel on December 4, just two days before the original Answer deadline. Mtn. 1. Defendants did not even have a phone call with this U.S. counsel until December 11, 2017. Mtn. 2. Since retaining U.S. counsel, the activity alleged to have occurred by Defendants consists of an email string between counsel, three brief calls between counsel, and this 4-page motion. Mtn. 3. Defendants state in their motion that they "suspect" there may be jurisdictional theories to "investigate," but admit they have not yet even taken the "opportunity to investigate" the issues nor complete a "review of the allegations." Mtn. 3.

IMA Pizza offered a compromise to this Motion despite the lack of good cause for an extension, but Defendants refused. Mtn. 4.

## II. DEFENDANTS HAVE NOT ESTABLISHED THE REQUIRED DILIGENCE TO ESTABLISH GOOD CAUSE

Defendants' brief is filled with explanations as to why they believe more time would be helpful. But not once does the word "diligence" appear. This is particularly telling, because diligence is the threshold requirement for good cause. Defendants have failed their burden.

An extension of time under Rule 6(b)(1) requires the moving party to demonstrate "good cause." F.R.C.P. 6(b)(1). When "there is more than ample time for a reasonably diligent [party] to prepare and file" by the deadline, and "actions…do not bespeak diligence or any sense of urgency at all," the "burden of showing that there is 'good cause' for a further extension" is not met. *Schoenman v. FBI*, 841 F. Supp. 2d 69, 74-75 (D.D.C. 2012).

Good cause "primarily considers the diligence of the party." *DAG Enters. V. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) (addressing "good cause" under F.R.C.P. 16(b)). "Although the existence or degree of prejudice to the party opposing [] might supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's

4

reasons…if the party is not diligent, the inquiry should end." *Id.* (quotation omitted). Extensions in this District are "routinely denied" for lack of diligence. *Id.* "With respect to diligence, to establish good cause, the party seeking an extension should show that more diligent pursuit was impossible." *Trask v. Olin Corp.*, 298 F.R.D. 244, 268 (W.D. Penn. 2014).

Diligence applies to every step of the moving party's actions, including coordinating counsel. A party bears the "responsibility of having failed to retain ... counsel despite having been aware of [the] action," leading to "undue delay in filing [the] answer." *Johnson v. First Cmty. Bank*, 2015 U.S. Dist. LEXIS 38780 *33 (E.D. Va. Feb. 19, 2015) (extension under F.R.C.P. 6(b)(1) and 16(b)(4) denied and default entered). "Retaining new counsel, by itself, does not establish good cause." *Trask v. Olin Corp.*, 298 F.R.D. at 268. "Delay caused by coordination among counsel is not diligence; in fact it is the opposite." *ANC Rental Corp. v. County of Harris*, 316 B.R. 160, 162 (Bank. D. Del. 2004) (dismissing case for failure to timely serve complaint).

Defendants have not and cannot explain why it took them from the November 10 courtesy copy (or the November 15 service date) until December 4 to retain U.S. counsel, and December 11 to even have a phone call with that counsel.[1/] Even now, they simply hope to *maybe* make lofty motions regarding jurisdiction and *forum non conveniens*, and want the "opportunity" to consider the possibility. Mtn. 3. Defendants' foreign litigation counsel – whose international law firm emphasizes its preferred relationships with D.C. firms – was involved the entire time, even placing an initial phone call to Plaintiff's counsel. There is no

---

[1/]    The excuse of a 7-hour time zone difference is transparent. Mtn. n.2. Defendants facing multi-million dollar claims could have, and should have, scheduled phone calls during business hours of all involved.

suggestion of a failure to apprehend the gravity of the claims or need for prompt action. Defendants' weeks of silence, demonstrate a calculated decision to purposefully delay this case. Even the past week was spent focusing on this 4-page extension Motion, not attempting to complete an investigation and get a responsive pleading on file by the current deadline. Mtn. 3.

Defendants' case citations fail to vindicate their lack of diligence. In *Sherrod v. Breitbart*, 720 F.3d 932 (D.C. Cir. 2013), the D.C. Circuit recounted the lower court's grant of a consent motion for extension, and rejected it as inapplicable to a statutory deadline. *Id.* at 937. Diligence and good cause were nowhere discussed, and the consented nature of the motion in that case is not applicable here. Similarly, *Williams v. Vilsack*, 620 F. Supp. 2d 40 (D.D.C. 2009) simply summarizes that extensions were provided after prior counsel's bar membership was not renewed due to his improper conduct in the case. *Id.* at 46. The court nowhere indicates the extensions were not stipulated, or that the party had actually demonstrated good cause for an extension. *Id.*[2/]

Defendants have offered no excuse as to why "more diligent pursuit was impossible." *Trask v. Olin Corp.*, 298 F.R.D. at 268. If good cause were established by a defendant waiting until two days before their response deadline to retain counsel (and another week to speak with them by phone), the F.R.C.P.'s 21-day responsive pleading deadline would be meaningless. The transmission of a courtesy copy a week earlier and involvement of Defendants' international counsel makes the delay even more inexcusable. With no explanation for their past delays, let

---

[2/]   Defendants make a footnote mention of the irrelevant rule that foreign defendants accepting an offer to voluntarily waive service are rewarded with 90 days to answer under FRCP 4(d) & 12(a)(1). Many foreign countries have onerous hurdles to jump through for service, and this provision simply helps remove a defendants' temptation to use those hurdles as a delay tactic. The Rules afford no special treatment to personally served foreign defendants, who are expected to respond by the same 21-day deadline as domestic defendants. *Id.*

alone a persuasive explanation, the Defendants have not established the diligence required to obtain a further extension.

In no event have Defendants explained why an entire additional <u>40 days</u> to file a responsive pleading is warranted.  Despite having gotten themselves so far behind the ball, Defendants make no attempt to put themselves to the fire, or turn up the heat at all.  Such an extravagant extension overreaches and betrays the arbitrary nature of the request.  An extension of this magnitude allows the Defendants to provide a responsive pleading at their leisure while Plaintiff's harm continues to mount, an unfair balance and reward for Defendants.

The requested extension should be denied.  Defendants are in default and thus should be ordered to file their Answer within two court days.

Dated:  December 15, 2017　　　　　　　　　MINTZ LEVIN COHN FERRIS
　　　　　　　　　　　　　　　　　　　　　　　GLOVSKY AND POPEO P.C.


By: *s/David Barmak*
David Barmak
DC Bar No 236752A
701 Pennsylvania Avenue NW #900
Washington, DC 20004
(202) 585-3507
DBarmak@mintz.com

Attorney for Plaintiff IMAPIZZA, LLC

Andrew D. Skale (Cal. Bar #211096, applying *pro hac vice*)
Ben L. Wagner (Cal. Bar #243594, applying *pro hac vice*)
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
(858) 314-1500
adskale@mintz.com
bwagner@mintz.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 15, 2017, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered users.  Further, a courtesy copy of the foregoing document(s) was sent to Defendants' counsel via e-mail as follows:

    Matthew J. Dowd, Esq.
    Dowd PLLC
    1717 Pennsylvania Avenue, NW
    Washington, D.C. 20006
    mjdowd@dowdpllc.com

    Patricia Ho, Esq.
    SHERIDAN ROSS PC
    1560 Broadway, Suite 1200
    Denver, CO 80202
    pho@sheridanross.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on December 15, 2017, at San Diego, California.  I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

                                                  By:  *s/Kelly Jenckes*
                                                        Kelly Jenckes