UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMAPIZZA, LLC,<br><br>      *Plaintiff*,<br><br>    v.<br><br>AT PIZZA LIMITED. *et al.*,<br><br>      *Defendants*. | Civil Action No. 17-2327 (TJK) (GMH) |

**MEMORANDUM OPINION**

Plaintiff IMAPizza, LLC operates a chain of pizza restaurants under the name "&pizza." In 2017, it filed various claims against Defendants—At Pizza Limited and its owners—related to their decision to open what Plaintiff asserted was a copycat restaurant in Scotland. The Court dismissed most of Plaintiff's complaint for failure to state a claim, since it sought to apply American copyright and trademark laws to conduct that occurred overseas. The D.C. Circuit affirmed. Now before the Court is Defendants' Motion for Attorney Fees. Upon review of Magistrate Judge G. Michael Harvey's Report and Recommendation concluding that the Court should award attorney's fees under the Copyright Act and the Lanham Act, as well as Plaintiff's objections, the Court will adopt the Report and Recommendation in its entirety and award attorney's fees under those statutes.

**I.    Background**

This case's factual background is set forth in the Memorandum Opinion and Order dismissing Plaintiff's case, *IMAPizza, LLC v. At Pizza Ltd.,* 334 F. Supp. 3d 95 (D.D.C. 2018), the D.C. Circuit's opinion, *IMAPizza, LLC v. At Pizza Ltd.*, 965 F.3d 871 (D.C. Cir. 2020), and Judge Harvey's Report & Recommendation, ECF No. 65 ("R & R"). The Court assumes

familiarity with the factual and procedural background reflected in those opinions and summarizes only the relevant details below.

Plaintiff operates &pizza, a restaurant chain in the District of Columbia and other locations in the Eastern United States. *IMAPizza*, 334 F. Supp. 3d at 105. According to Plaintiff, Defendants allegedly copied aspects of &pizza and in November 2017 opened a copycat restaurant, @pizza, in Scotland, part of the United Kingdom. *Id.* at 105–7. In November 2017, Plaintiff filed a complaint that asserted five causes of action against Defendants, including copyright and trademark infringement. *See* ECF No. 1; *Id.* at 107. Plaintiff further alleged that Defendants toured several &pizza locations in Washington, D.C., took pictures of the restaurants, and downloaded pictures of &pizza restaurants from websites such as Yelp.com before creating their alleged copycat restaurant. *IMAPizza*, 334 F. Supp. 3d at 106.

In September 2018, this Court granted Defendants' motion to dismiss with respect to Plaintiff's first, third, fourth, and fifth causes of action.[1] *Id.* at 129–30. The Court held that to the extent Plaintiff brought claims under federal law, it failed to state a claim because the conduct occurred overseas. *Id.* at 105. The Court also dismissed Plaintiff's sole claim under District of Columbia law (alleging that Defendants trespassed by entering &pizza restaurants) for

---

[1] The Court did not decide Defendants' motion to dismiss Plaintiff's second cause of action for "passing off" under the common law of the United Kingdom because the Court found that it lacked an adequate record to dismiss the claim. *IMAPizza*, 334 F. Supp. 3d at 107, 109. The Court ordered the parties to brief the issue of dismissal under the doctrine of *forum non conveniens* and requested that Plaintiff submit an affidavit establishing its citizenship. *Id.* at 109. Plaintiff failed to submit evidence showing that the Court could exercise diversity jurisdiction, and in August 2018, the Court dismissed Plaintiff's second cause of action for lack of subject matter jurisdiction. ECF No. 45. This cause of action is not relevant to the attorney's fees calculation because the Court holds that Defendants are only entitled to attorney's fees under the Copyright Act and Lanham Act.

failure to state a claim as well. *Id.* Plaintiff appealed, ECF No. 46, and a few days later, Defendants moved for attorney's fees. ECF No. 48. Given Plaintiff's ongoing appeal, this Court stayed resolution of Defendants' request for attorney's fees. *See* Minute Order of July 19, 2019. In July 2020, the D.C. Circuit affirmed, concluding in part that Plaintiff's "Copyright and Lanham Act claims failed because the pertinent facts arose beyond the territorial reach of those Acts." *IMAPizza*, 965 F.3d at 874–75.

Defendants then renewed their motion for attorney's fees. ECF No. 62. And last month, Judge Harvey issued a Report and Recommendation concluding, among other things, that the Court should grant Defendants' motion in part and award fees under the Copyright Act and the Lanham Act. *See* ECF No. 65 at 32, 36. Plaintiff timely objected. ECF No. 66.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered her recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Winston & Strawn LLP v. FDIC*, 841 F. Supp. 2d 225, 228 (D.D.C. 2012). The district court may then "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(2)–(3); LCvR 72.3(b)–(c). When objecting to a report and recommendation, "the parties may not present new issues or arguments to the district judge; rather, only those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court." *M.O. v. D.C.*, 20 F. Supp. 3d 31, 37 (D.D.C. Sept. 30, 2013) (cleaned up). "And 'when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Id.* (quoting *Alaimo v. Bd. of Educ. of the Tri–Valley Cent. Sch. Dist.*, 650

F. Supp. 2d 289, 291 (S.D.N.Y. 2009)); *see also Xiaofeng v. Pompeo*, No. 15-CV-1040, 2019 WL 1697868, at *5 (D.D.C. Apr. 17, 2019) (applying same standard of review).

**III.   Analysis**

The Court has reviewed Judge Harvey's Report and Recommendation and Plaintiff's objections. Judge Harvey concluded that "Defendants are not entitled to recover costs incurred on appeal or attorney's fees under 28 U.S.C. § 1927 or Rule 11 of the Federal Rules of Civil Procedure; however, they are entitled to recover reasonable attorney's fees under both the Copyright Act and the Lanham Act." R & R at 7. Neither Plaintiff nor Defendants have objected to Judge Harvey's conclusion that attorney's fees are not warranted under 28 U.S.C. § 1927 or Rule 11. Thus, because "[t]hose portions of the report and recommendation that warranted no objection are entitled to be adopted" if they do not reflect clear error, the Court adopts those recommendations. *See Miller v. Holzmann*, No. 95-cv-1231, 2007 WL 778596, at *1 (D.D.C. Mar. 6, 2007). Moreover, upon the Court's de novo review, it agrees, for the reasons explained, that Defendants are entitled to attorney's fees under both the Copyright Act and Lanham Act. Thus, the Court will adopt the Report and Recommendation in full.

**A.   Attorney's Fees under the Copyright Act**

The Copyright Act authorizes a district court, "in its discretion," to award "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In exercising that authority, a court should consider several factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (1986)). Relevant here, courts must give "substantial weight to the objective

4

reasonableness of [the losing party's] position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016).

As Judge Harvey concluded, "[a]lthough Plaintiff's copyright claim may not have been frivolous, it was objectively unreasonable." R & R at 15. He reasoned that Plaintiff's "copyright claims were 'devoid of legal basis' because Plaintiff improperly attempted to apply U.S. copyright law to actors and actions entirely abroad and did not cite any case law, in this Circuit or otherwise, that could support its arguments." *Id.* at 17. As this Court noted, "it is axiomatic that United States copyright law does not apply extraterritorially," *IMAPizza*, 334 F. Supp. 3d at 116–17 (citing *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 835 (9th Cir. 1996)), and as the D.C. Circuit held, Plaintiff "did not allege an act of copyright infringement in the United States." *IMAPizza*, 965 F.3d at 879. As Judge Harvey explained, "[t]he only actions that occurred in the United States were Defendants' visits to Plaintiff's restaurants, where they allegedly took photographs of those restaurants." R & R at 17 (citing *IMAPizza*, 334 F. Supp. 3d at 118). But those allegations do not help Plaintiff because "the Copyright Act does not create a right to prevent the taking of pictures of an architectural work 'if the building in which the work is embodied is located in or ordinarily visible from a public place.'" *IMAPizza*, 965 F.3d at 878 (quoting 17 U.S.C. § 120(a)). Both this Court and the D.C. Circuit rejected Plaintiff's argument that downloading images hosted on U.S. servers constituted infringement within the United States because Plaintiff provided "no technical, legal, or other support . . . for the proposition that downloading a picture from a server located in the U.S. creates a copy of that picture in the U.S." *IMAPizza*, 965 F.3d at 877–78.

Thus, because Plaintiff pled a copyright claim without alleging an act of domestic infringement, Judge Harvey found that Plaintiff's claim was objectively unreasonable. R & R at

15–32. This Court agrees. While Plaintiff's claim was not frivolous, it was objectively unreasonable because Plaintiff failed to allege any act of domestic copyright infringement, an essential element of the claim. And as *Kirtsaeng* makes clear, courts are to give "substantial weight to the objective reasonableness of the losing party's position." 136 S. Ct. at 1983. Moreover, as Judge Harvey noted, "[a]s the Supreme Court explained in *Kirtsaeng*, fee awards are appropriate and advance the purposes of the Copyright Act where they discourage plaintiffs from bringing unreasonable claims or encourage defendants to defend against such claims." R & R at 30; *see also Kirtsaeng*, 136 S. Ct. at 1987. Thus, attorney's fees are appropriate here.

Plaintiff presents several objections to the Report and Recommendation's conclusion about the Copyright Act award, but the Court is unpersuaded by them. First, Plaintiff disputes Judge Harvey's finding that the copyright claim was objectively unreasonable. *See* ECF No. 66 at 8. Plaintiff notes that "this Court stated that 'IMAPizza is understandably upset' since 'Defendants have improperly coopted the name and design of its restaurants.'" *Id.* (quoting *IMAPizza, LLC*, 334 F. Supp. 3d at 105). Plaintiff also cites the D.C. Circuit's opinion, suggesting that the D.C. Circuit "also acknowledged the 'copycat' nature of Defendants' actions." *Id.* (quoting *IMAPizza*, 965 F.3d at 874). But Plaintiff's objection misses the point. That Defendants may have copied Plaintiff's restaurant design does not change the deficiency of Plaintiff's legal claims. "A claim under the Copyright Act is objectively unreasonable if it is clearly without merit or otherwise patently devoid of legal or factual basis." *Prunty v. Vivendi*, 195 F. Supp. 3d 107, 112 (D.D.C. 2016) (cleaned up). Plaintiff's claim fits this bill.

Second, Plaintiff repeats its argument that Defendants used its copyrighted images. ECF No. 66 at 8. Plaintiff says that Defendants admitted to using those images without authorization, and "when copyright infringement is admitted, and the only factor in dispute is whether the

6

conduct was sufficiently within the U.S.—which could have been pled and should have been the subject of discovery—the case cannot possibly be deemed objectively unreasonable." ECF No. 66 at 8–9.  But as the D.C. Circuit noted, Plaintiff did not plead domestic infringement and never sought to amend its complaint in a manner consistent with the Court's local rules.  *See IMAPizza*, 965 F.3d at 876.  In the end, these points alone do not suggest that Plaintiff's claims were objectively reasonable.

Third, Plaintiff argues that other recent cases show that its claim was objectively reasonable.  ECF No. 66 at 9.  Not so.  Plaintiff cites *Hello I Am Elliot, Inc. v. Sine* for the proposition that a copyright claim was not objectively unreasonable even though the "plaintiffs' theory failed and had tenuous footing in the caselaw." 19-cv-6905, 2021 WL 1191971, at *8 (S.D.N.Y. Mar. 30, 2021).  But Plaintiff's theory here did not have *tenuous* footing in caselaw; it had *no* footing.  Plaintiff explains that there are few cases in the D.C. Circuit and the Supreme Court addressing both copyright infringement and extraterritorial application of U.S. law.  ECF No. 66 at 10.  But the lack of caselaw on this subject confirms, rather than casts doubt on, that "[i]t is axiomatic that United States copyright law does not apply extraterritorially." *Yount*, 103 F.3d at 835.

Finally, Plaintiff appeals to the totality of circumstances.  But Judge Harvey considered all the circumstances, weighed the *Fogerty* factors, and concluded that because the Court must give substantial weight to the reasonableness of a losing party's position, "the objective unreasonableness of Plaintiff's extraterritorial copyright claim weighs heavily in favor of awarding fees." R & R at 31.  This Court agrees.  Even considering the totality of the circumstances, Plaintiff advanced an objectively unreasonable legal argument.  Thus, attorney's

fees are warranted, and Plaintiff's objections to the Report and Recommendation's award of attorney's fees under the Copyright Act are overruled.

B.      **Attorney's Fees under the Lanham Act**

Under the Lanham Act, the "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). As the D.C. Circuit explained in *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, "exceptional" in the Lanham Act context "is most reasonably read to mean what the word is generally understood to indicate—uncommon, not run-of-the-mill." 771 F.2d 521, 526 (D.C. Cir. 1985). "Something less than 'bad faith,' we believe, suffices to mark a case as 'exceptional.'" *Id.* And as the D.C. Circuit has explained, "the Lanham Act protects trademarks against their 'use in commerce . . . [when such use is] likely to cause confusion,' and reaches 'all commerce which may lawfully be regulated by Congress.'" *IMAPizza*, 965 F.3d at 879 (quoting 15 U.S.C. §§ 1114(1)(a), 1127).

Judge Harvey determined that it was exceptional for Plaintiff to bring an extraterritorial Lanham Act claim without alleging facts that suggested an effect on U.S. commerce. R & R at 34. Again, the Court agrees. As the D.C. Circuit stated, "the facts of this case do not plausibly involve an effect on U.S. commerce sufficient to state a claim." *IMAPizza*, 965 F.3d at 880. "IMAPizza nowhere alleged that a bad experience in Scotland will cause it to lose customers in the U.S.," "it failed to allege some plausible effect—let alone a significant or substantial effect—upon U.S. commerce." *Id.* at 880–81. This Court agrees that it is "exceptional" for Plaintiff to have brought an extraterritorial Lanham Act claim without alleging *any* plausible effect on

8

domestic commerce, and thus the Court awards reasonable attorney's fees to Defendants, the prevailing parties.[2]

Plaintiff argues that if it had pled concrete facts suggesting an effect on U.S. commerce, its Lanham Act claim would not have been exceptional. *See* ECF No. 66 at 3. While Plaintiff says it "was procedurally precluded" from amending its complaint, *see, e.g.*, ECF No. 68 at 1, as the D.C. Circuit noted, Plaintiff only made an informal request to amend its complaint and did not bother to move to do so under the local rules. *See IMAPizza*, 965 F.3d at 875–76. Thus, Plaintiff's objection is unavailing. Its claim was exceptional because—for whatever reason—it *did not* plead a basic element of its Lanham Act claim and never properly sought to amend its complaint.

---

[2] The Report and Recommendation thoroughly explains Defendants' prevailing party status, and the Court incorporates Judge Harvey's reasoning in finding that Defendants are the prevailing parties. *See* R & R at 13–14. The D.C. Circuit has adopted a three-part test for determining prevailing party status (though when a defendant is seeking attorney's fees, only the latter two prongs are required). *See Green Aviation Mgmt. Co., LLC v. F.A.A.*, 676 F.3d 200, 201, 203 (D.C. Cir. 2012) ("(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief."). "A defendant who successfully defends against a plaintiff's claims leading to their dismissal obtains prevailing party status because it is both a judgment in the party's favor and it is accompanied by judicial relief in the form of *res judicata* protection against relitigating the plaintiff's claims." R & R at 14 (citing *Green Aviation.*, 676 F.3d at 201; *see also CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016) ("The defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 526 (D.C. Cir. 1985) ("[I]n obtaining dismissal of the proceeding [for improper venue], [defendants] qualify as 'prevailing parties' under the Lanham Act fee award provision."). Plaintiff argues that *Noxell* "may no longer be good law" and says that other Circuits have found that "a defendant can only be deemed a prevailing party if it 'succeeds on the merits,' not if the action was dismissed on jurisdictional grounds." ECF No. 66 at 5–6. But Plaintiff's claim was not dismissed on jurisdictional grounds; it was dismissed because Plaintiff failed to plead essential elements of its Copyright and Lanham Act claims.

Plaintiff also argues that "the Magistrate conflated his Lanham Act analysis with that under the Copyright Act" and criticizes Judge Harvey for writing a "scant 3.5 pages" on the trademark claim. ECF No. 66 at 4. Plaintiff's critique is, in effect, that the Report and Recommendation focused on Plaintiff's deficient legal claims rather than on Defendants' creation of a copycat restaurant. *See id.* But Judge Harvey *did* consider Defendants' activities and nonetheless found that it was exceptional to apply the Lanham Act to "a single pizza restaurant thousands of miles away in Edinburgh, Scotland" without alleging "any plausible effect on commerce in the United States." R & R at 34. Once again, the Court agrees with Judge Harvey. Plaintiff's claim was exceptional under the Lanham Act for the simple reason that Plaintiff failed to allege any plausible effect on U.S. commerce.

Plaintiff also argues that Judge Harvey placed too heavy an emphasis on the objective unreasonableness of the Lanham Act claim to the exclusion of the totality of the circumstances. *See* ECF No. 66 at 6. It also claims that Judge Harvey's conclusions that Plaintiff's claims were not brought in bad faith and were not frivolous should weigh against awarding attorney's fees. ECF No. 66 at 7. These are fair points. But even after weighing these considerations, the Court finds that Plaintiff's attempt to apply the Lanham Act to a single restaurant in a foreign country without alleging any impact on U.S. commerce meets the "exceptional" standard. And that tips the scale toward granting attorney's fees. For these reasons, Plaintiff's objections to the Report and Recommendation's award of attorney's fees under the Lanham Act are also overruled.

**IV.     Conclusion**

  For all the above reasons, the Court will adopt the Report and Recommendation in full and, for the reasons explained in that document, grant in part Defendants' motion for attorney's fees. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 27, 2021