**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IMAPIZZA, LLC,
229 1/2 Pennsylvania Ave. SE, 3rd Floor,
Washington, D.C. 2003,

*Plaintiff*,

v.

AT PIZZA LIMITED, Charlotte Lane
Edinburgh, U.K., EH2 4QZm,
BHASKER DHIR, c/o 2 Clifton Moor Business
Village, James Nicholson Link, York U.K.,
Y030 4XG, and
RUPERT LYLE, c/o Charlotte Lane
Edinburgh, U.K., EH2 4QZ,

*Defendants*.

Civil Action No. 17-cv-02327-TJK

**DEFENDANTS' [PROPOSED] SUR-REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEY'S FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(d)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii
INTRODUCTION ........ 1
ARGUMENT ........ 2
I. Plaintiff's Email Confirms that Plaintiff Considered Defendants' Good-Faith Counteroffer to Resolve This Dispute ........ 2
II. Plaintiff Does Not Explain How Rule 68 is Applicable ........ 4
III. Defendants Viewed Its Counteroffer as a "Win-Win" ........ 4
CONCLUSION ........ 5

# TABLE OF AUTHORITIES

**Cases**

*Electronic Privacy Information Center v. National Security Agency*,
87 F. Supp. 3d 223 (D.D.C. 2015) .................................................. 4

**Rules and Regulations**

Fed. R. Civ. P. 54(d) .................................................. 6

Fed. R. Civ. P. 68 .................................................. 1, 4

Fed. R. Evid. 408 .................................................. 1

**INTRODUCTION**

In the final paragraph of its Reply (Dkt. No. 68), Plaintiff accuses Defendants of engaging in conduct that "subvert[s] the purpose of Rule 68 and the local rules, which are designed to encourage settlement." Dkt. No. 68 at 8–9 (internal citations omitted). Plaintiff also asserts that Defendants should have known that its good-faith settlement offer was a "joke." *Id.* at 8. Neither one of these is true, as shown by Plaintiff's own email correspondence.

While there are other misstatements in Plaintiff's reply, Defendants submit this short reply to correct Plaintiff's false accusations. Plaintiff makes a direct attack on the conduct of Defendants and their counsel. Plaintiff is free to repeat its misplaced arguments about the Lanham Act and the Copyright Act. *See, e.g.*, *id.* at 6 (claiming that, "had Plaintiff been able to amend its Complaint after the Circuit Court's decision, it would have"). But Plaintiff crosses the line when it hurls gratuitous accusations on the last page of its submission that Defendants and their counsel have "subvert[ed] the purpose of Rule 68 and the local rules" and that undersigned counsel has attempted to negotiate a personal benefit for himself and "*not* for his client." *Id.* at 8 (emphasis in original). These accusations are demonstrably false, and Defendants submit this reply to correct the record.[1]

[1] Defendants object to the propriety of Plaintiff's unauthorized disclosure of the details of the parties' negotiations over attorney's fees. *See* Fed. R. Evid. 408. Contrary to Plaintiff's first sentence in its footnote, Dkt. No. 68, at 9 n.4, Plaintiff is disclosing the substance of settlement discussions for attorney's fees to influence the Court's decision on the amount of fees to be rewarded. *See id.* at 9 (arguing, after disclosing negotiation-discussion details, that Defendants' request for full fees should be "soundly rejected"). Plaintiff's cited case does not support Plaintiff's improper disclosure. Defendants respond only to the extent necessary to clarify Plaintiff's misstatements. Defendants further object to Plaintiff disclosing any further information regarding the parties' settlement negotiations.

# ARGUMENT

## I. Plaintiff's Email Confirms that Plaintiff Considered Defendants' Good-Faith Counteroffer to Resolve This Dispute

Plaintiff accuses Defendants of submitting a "joke" counteroffer. *Id.* at 8. Plaintiff further alleges that Defendants' undersigned counsel "must have known that the demand was not realistic and would be refused." *Id.* Plaintiff also accuses Defendants' undersigned counsel of making this so-called "joke" counteroffer as "a demand for himself (*not* for his client)." *Id.* (emphasis in original). Not a single one of these accusations is true, and they are each belied by the correspondence of Plaintiff's counsel.

Indeed, the following email from Plaintiff's counsel shows that both Plaintiff's counsel and Plaintiff itself were seriously considering Defendants' counterproposal.

> **Subject:** RE: IMAPizza - Draft Settlement Agreement
> **Date:** Friday, July 9, 2021 at 12:56:05 PM Eastern Daylight Time
> **From:** Cormier, Kara
> **To:** Skale, Andrew, Matthew Dowd
> **CC:** Robert Scheffel
>
> Matt,
>
> Following up on our phone call, we are still talking to the client about your request for free pizza for life, but it would help if you provided some clarity as to what you are hoping to obtain (e.g., 1 pizza a week for X years?, 1 slice a day for X years?) and, in the alternative, the monetary value that you would ascribe to this portion of the settlement.
>
> In addition, please let us know if you have any comments on the settlement agreement. At minimum we will need your wire information.
>
> Thanks,
> **Kara Cormier**
> *Associate*

Ex. 1. It is irresponsible for Plaintiff to make the above accusations while not informing the Court of the seriousness with which Plaintiff had considered Defendants' genuine effort to resolve this dispute.

As further background, while the parties did engage in discussions to resolve the dispute concerning attorney's fees, they did not lead to a productive result. The parties never reached an agreement. In fact, it was Defendants' counsel who initiated discussions after Magistrate Judge Harvey issued his Report and Recommendation. During the discussions, undersigned counsel informed Plaintiff's counsel on June 22, 2021 that, in order to "bridge the gap," the parties might have to consider a "creative solution." As part of that "creative solution," Defendants made an initial counterproposal that included a "pizza for life" provision, which could have bridged the gap.

In response to Defendants' counteroffer, Plaintiff responded with an email that began with "LOL." Since Plaintiff did not take this counteroffer seriously—as was typical of other counteroffers presented by Defendants during this case—Defendants proceeded to file its Response. *See* Dkt. No. 67. Plaintiff resumed discussions only after reviewing Defendants' Response, and those further discussions included Plaintiff inquiring about the contours of Defendants' counteroffer. If Plaintiff's counsel truly believed the settlement offer to be "a joke" and "not a real offer," Dkt. No. 68 at 8, Plaintiff's counsel would not have presented the counteroffer to their client for consideration, and Plaintiff would not have sought additional guidance to "provide[] some clarity as to what [we were] hoping to obtain." Ex. 1.

Rather than engage in good-faith negotiations, Plaintiff now makes unsupported accusations in a public filing. Defendants' proposed creative solution was made entirely in good faith, as a win-win for both sides so that the parties could move on from this dispute.

Plaintiff also improperly implies that undersigned counsel was trying to make a deal for his benefit, and not his client's benefit. Quite frankly, Plaintiff makes this accusation without any

factual basis. Defendants decline to disclose privileged communications but simply affirm that Defendants' counteroffer was made with Defendants' full authorization.

## II. Plaintiff Does Not Explain How Rule 68 is Applicable

Plaintiff incorrectly claims that Defendants and their counsel "subvert[ed] the purpose of Rule 68." Dkt. No. 68 at 9. Plaintiff offers no explanation of how Rule 68 is applicable here. Defendants are unable to ascertain any applicability of that rule, other than as a stalking horse to submit its unfounded allegations about the settlement discussions.

First, Rule 68 applies only to offers of judgment concerning the amount due for liability. Here, Defendants received a judgment that they were not liable to any extent. Thus, Rule 68 does not appear to apply.

Second, even if Rule 68 were applicable, Plaintiff never made an "offer for judgment" under Rule 68. In fact, the last paragraph of Plaintiff's reply appears to be the first time during this entire case that Plaintiff has ever referenced Rule 68.

Third, Plaintiff misrelies on *Electronic Privacy Information Center v. NSA*, 87 F. Supp. 3d 223 (D.D.C. 2015). There, the conduct at issue was "settlement offers that were 'placed on the table for less than twenty-four hours, and withdrawn over the objection of [defense] counsel, and before [defense counsel] had had a reasonable opportunity to consider it.'" *Id.* at 235. Defendants' reasonable efforts to resolve this dispute—pending almost four years—is nothing like what Judge Howell addressed in that case.

## III. Defendants Viewed Its Counteroffer as a "Win-Win"

Defendants offer one last point. Defendants viewed their counterproposal as a win-win for both sides. But Plaintiff's counsel immediately rejected the counterproposal by responding 26 minutes later with an "LOL" email—and apparently before even informing their client about the counterproposal. While Plaintiff's counsel's first reaction might have been erroneously

reactionary, the subsequent discussions confirmed the genuineness of the counteroffer and of Plaintiff's consideration of that counteroffer.

Indeed, a company may have many reasons to agree to arrangements such as the one contemplated by Defendants' counteroffer. For instance, it reduces the upfront cost to Plaintiff for settling. A recipient of a "product for life" offer can consume only so much in the near term, and Plaintiff would enjoy the time-value of any money not paid toward an immediate settlement. There is also, of course, the differential between Plaintiff's actual cost of the product (as incurred by Plaintiff) and the actual value obtained by the party receiving the product, *i.e.*, the difference between the cost in making versus the retail cost. This difference could have been a major benefit to Plaintiff.

Finally, there is marketing value, and the creative proposal offered by Defendants is not unique. Just this week, Domino's offered free pizza for life to India's silver medalist Saikhom Mirabai Chanu.[2] That low-cost offer will generate valuable PR and consumer goodwill. Defendants proposed a similar offer here so that the parties can continue on their separate ways in separate countries, but Plaintiff accused undersigned counsel of making a "joke" offer for his own benefit.

**CONCLUSION**

Defendants respectfully request that the Court adopt the Report and Recommendation and thus grant Defendants' motion for attorney's fees. Defendants also respectfully request leave to

---

[2] *Domino's Offers Free Pizza to Mirabai Chanu for Her Silver Win at Olympics, Twitter Calls It 'Brand Promotion'*, The Economic Times (July 26, 2021), at https://economictimes.indiatimes.com/magazines/panache/dominos-offers-free-pizza-to-mirabai-chanu-for-her-silver-win-at-olympics-twitter-calls-it-brand-promotion/articleshow/84754452.cms.

supplement its request for fees based on any successful work since the filing of their Motion for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 54(d).

Dated: July 26, 2021

By: /s/ Matthew J. Dowd
Matthew Dowd
D.C. Bar No. 998373
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW,
Suite 1025
Washington, D.C. 20006
mdowd@dowdscheffel.com
(202) 559-9175
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 26th day of July 2021, the foregoing document has been filed and served on Plaintiff's counsel via the Court's ECF system. Further, a courtesy copy of the foregoing document was sent to Plaintiff's counsel via e-mail as follows:

David Barmak
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
dbarmak@mintz.com

Andrew Skale
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
3580 Carmel Mountain Road
Suite 300
San Diego, California 92130
askale@mintz.com

By: /s/ Matthew J. Dowd
Matthew Dowd
D.C. Bar No. 998373
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW,
Suite 1025
Washington, D.C. 20006
mdowd@dowdscheffel.com
(202) 559-9175

*Counsel for Defendants*